IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SALVADOR OJEDA FAUSTO, | § | CIVIL ACTION NO. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | PLAINTIFF'S ORIGINAL |
| | § | COMPLAINT |
| PARKO GROUP LLC, and | § | |
| HKUN NAW, | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Salvador Ojeda Fausto, files this Original Complaint, complaining of the acts and omissions of Defendants, Parko Group LLC and Hkun Naw, and will respectfully show the Court as follows:

**JURISDICTION & VENUE**

1.

This Court has subject matter jurisdiction over this controversy based on diversity of citizenship. *See* 28 U.S.C. § 1332. Complete diversity exists between Plaintiff and Defendants.

2.

The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff seeks in excess of $75,000.00 in damages.

3.

This court has personal jurisdiction over Defendants. Defendant Parko Group LLC and Defendant Hkun Naw committed a tort in Texas. They are thus subject to personal jurisdiction

PAGE 1

under the Texas Long Arm Statute. *See* TEX. CIV. PRAC. REM. CODE ANN. § 17.042(2) (Vernon Supp. 2018). Subjecting Defendants to jurisdiction in this Court is otherwise consistent with principals of due process, fair play, and substantial justice.

4.

All other jurisdictional prerequisites and conditions precedent to suit have been met.

5.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2), the general venue statute, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Further, this District is a convenient forum and venue to all Defendants, maintaining this litigation in this forum and venue would not work a substantial injustice on them, and the interests of justice dictate that this litigation be maintained in this forum and venue.

## **PARTIES & SERVICE**

6.

Plaintiff, Salvador Ojeda Fausto, is an individual who lives in Houston, Texas.

7.

Defendant, Parko Group LLC, is a Florida limited liability company with its corporate headquarters, principal place of business, and principal office located at 3370 Old Kings Rd., Suite 2, Jacksonville, FL 32254. This Defendant may be served through its registered agent, Rodian Montero Lo, 3370 Old Kings Rd., Suite 2, Jacksonville, FL 32254, via the Texas Long Arm Statute. Plaintiff requests a summons.

8.

Defendant, Hkun Naw, is an individual who resides at 931 Rio Saint Johns Dr., Jacksonville, FL 32211. This Defendant may be served at that address or wherever he may be found, via the Texas Long Arm Statute. Plaintiff requests a summons.

## FACTS

9.

On or about July 19, 2018 at approximately 6:00 p.m., Plaintiff, Salvador Ojeda Fausto, was traveling on U.S. 59 northbound near Fannin St. in Houston. Suddenly and without warning, Defendant, Hkun Naw, who was operating a commercial motor vehicle owned, leased, and/or controlled by Defendant Parko Group LLC, made and unsafe lane change and struck Plaintiff's vehicle.

10.

This collision caused severe injuries to Plaintiff and the vehicle. Plaintiff's injuries have required reasonable and necessary medical treatment and, in all likelihood, will continue to require substantial reasonable and necessary medical treatment in the future. Plaintiff has been damaged in an amount far in excess of the jurisdictional limits of this Court.

## COUNT I:
## NEGLIGENCE AGAINST HKUN NAW

11.

Plaintiffs would show that Defendant Naw was the driver of a commercial motor vehicle operated for profit. Defendant Naw had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12.

Plaintiff's injuries were proximately caused by Defendant's negligent and careless disregard of this duty. The negligent and careless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

    a. failing to keep a proper lookout for Plaintiff that would have been exercised by a person of ordinary prudence under the same or similar circumstances;

    b. failing to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failing to apply his brakes in order to avoid the collision in question;

    c. failing to keep a safe distance from Plaintiff's vehicle;

    d. failing to maintain a lane;

    e. such additional acts of negligence, which will be established as the case progresses.

## COUNT II:
## VICARIOUS LIABILITY AGAINST PARKO GROUP LLC

13.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant Naw was within the course and scope of employment for Defendant Parko Group LLC.

14.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant Naw was engaged in the furtherance of the business of the Defendant Parko Group LLC.

15.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant Naw was engaged in accomplishing a task for which he was employed by Defendant Parko Group LLC.

16.

Additionally or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Naw was a statutory employee of Defendant Parko Group LLC.

17.

Therefore, under the doctrine of respondeat superior, Defendant Parko Group LLC is vicariously liable for Defendant Naw's conduct, further outlined elsewhere in this petition and incorporated by reference here fully.

## **DAMAGES FOR PLAINTIFF**
## **SALVADOR OJEDA FAUSTO**

18.

Plaintiff incorporates all other paragraphs by reference here fully.

19.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered severe injuries and incurred the following damages:

>   a.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

>   b.   Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish which, in all reasonable probability, will be suffered in the future;

i. Loss of earning capacity in the past;

j. Loss of earning capacity, which, in all probability, will be incurred in the future;

k. Cost of medical monitoring and prevention in the future; and

l. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## **REQUEST FOR JURY TRIAL**

20.

Plaintiff hereby requests a jury trial on this matter and has or will pay the appropriate jury fee.

## **CONCLUSION & PRAYER**

21.

For these reasons, Plaintiff prays for a trial by jury and that, after due proceedings are had:

a. There be judgment rendered herein in favor of Plaintiff, and against Defendants, for all damages, together with the maximum allowable legal interest thereon from the date of the incident until paid and for all allowable costs of this proceeding;

b. Plaintiff be allowed to proceed and prosecute this case without pre-payment of costs; and,

c. For all such other and further relief to which Plaintiff may be entitled under law and in equity.

Respectfully submitted,

WILLIAMS KHERKHER HART BOUNDAS, LLP

<u>By: /s/ Kevin C. Haynes</u>
Jim S. Hart
State Bar No. 09147400
S.D. Tex. Bar No. 14548
Kevin C. Haynes **(Attorney-In-Charge)**
State Bar No. 24055639
S.D. Tex. Bar No. 1286231
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 230-2326 – Telephone
(713) 643-6226 – Facsimile
PIdept@williamskherkher.com

**ATTORNEYS FOR PLAINTIFF,
SALVADOR OJEDA FAUSTO**