UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

SALVADOR OJEDA FAUSTO, §
§
     Plaintiff, §
VS. § CIVIL ACTION NO. 3:18-CV-323
§
PARKO GROUP LLC, *et al*, §
§
     Defendants. §

## **ORDER**

The plaintiff has filed a motion requesting entry of a default judgment against both of the defendants under Federal Rule of Civil Procedure 55(b). The plaintiff did not move for entry of a default under Federal Rule of Civil Procedure 55(a), and the defendants have filed an answer (Dkt. 7). The Fifth Circuit has admonished trial courts in this district that "federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation marks omitted). The plaintiff's motion is denied.

The Fifth Circuit has prescribed a three-step process for entering a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The three steps are: (1) a *default*, defined as the defendant's "fail[ure] to plead or otherwise respond to the complaint within the time required by the Federal Rules[;]" (2) an *entry of default* by the Clerk under Rule 55(a), which is authorized "when the default is established by

affidavit or otherwise[;]" and (3) a *default judgment* under Rule 55(b), for which the plaintiff may apply after the default has been entered. *Id.* When a plaintiff has moved for a default judgment before a default has been entered, the district court may conduct the step two and step three analyses together and, if Rule 55's requirements are satisfied, simultaneously enter a default and grant a default judgment. *See, e.g., American States Ins. Co. v. Arete Real Estate & Development*, No. 3:08-CV-306, 2009 WL 854836, at *2–6 (N.D. Tex. Mar. 30, 2009). However, a default, and by extension a default judgment, generally may not be entered against a party that has filed an answer, even if the answer was untimely. *S.E.C. v. Amerifirst Funding, Inc.*, No. 3:07-CV-1188, 2007 WL 4226921, at *1–3 (N.D. Tex. Nov. 29, 2007). And a party that has not filed an answer can still stave off a default judgment by filing a motion to dismiss. *Dahlstrom v. Moore*, No. 4:07-CV-229, 2007 WL 2908448, at *1 (E.D. Tex. Oct. 3, 2007) ("Defendants here have filed a motion to dismiss and are therefore defending Plaintiff's claims. Because Defendants have appeared in this suit, default judgment is not appropriate[.]").

The defendants here have filed an answer. The Court **DENIES** the plaintiff's motion for a default judgment (Dkt. 6). An initial scheduling conference will be set in this case before Magistrate Judge Edison.

SIGNED at Galveston, Texas on March 6 2019.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE