UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SALVADOR OJEDA FAUSTO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00323 |
| | § | |
| PARKO GROUP, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Defendants' Motion to Transfer Venue. *See* Dkt. 16. Having considered the parties' arguments, the record, and the applicable law, I find that transfer is unwarranted.

## BACKGROUND

In July 2018, Plaintiff Salvador Fausto ("Fausto") was involved in a vehicular accident while traveling on U.S. 59 northbound near Fannin Street in Houston, Texas. Fausto alleges that Defendant Hkun Naw ("Naw"), who was operating a commercial motor vehicle owned, leased, and/or controlled by Defendant Parko Group LLC ("Parko"), made an unsafe lane change and struck his vehicle. Fausto contends that he suffered serious injuries and his vehicle suffered considerable damage. As a result, Fausto filed this suit against Naw and Parko (collectively, "Defendants"), asserting claims based on negligence and vicarious liability.

Defendants have moved to transfer this case to the Houston Division, arguing that it is a more convenient forum.

## LEGAL FRAMEWORK

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under Section 1404(a) are committed to the sound discretion of the district court. *See Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen II*"). The burden on the movant is "significant." *Id.* at 314 n.10. For a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id.* at 315.

The first inquiry when analyzing a case's eligibility for Section 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.

> The private factors include: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other

> practical problems that make trial of a case easy, expeditious, and inexpensive. The public factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Hillestad v. LLOG Expl. Co., LLC*, No. 3:17-CV-00341, 2018 WL 4938708, at *2 (S.D. Tex. Sept. 20, 2018) (citation omitted).

The plaintiff's choice of venue is not a factor in this analysis. *See In re Volkswagen II*, 545 F.3d at 314 n.10. Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 314–15. "[B]y requiring that a movant show the transferee venue is clearly more convenient, a plaintiff's choice of venue is given some—significant but non-determinative—weight." *Mata v. Freeport McMoran Inc.*, No. 3:15-CV-00155, 2016 WL 6037237, at *2 n.2 (S.D. Tex. Oct. 14, 2016) (citations, internal quotation marks, and brackets omitted). Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 315. In weighing all relevant factors, I am mindful that the Fifth Circuit has explained: "We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology." *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013).

## ANALYSIS

I first address "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen I*, 371 F.3d at 203. I conclude that because venue is proper in Galveston Division, Fausto could have brought his suit in the Houston Division. *See Perry v. Autocraft Invs., Inc.*, No. 4:13-CV-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) ("The venue statute, 28 U.S.C. § 1391, is based on districts, not divisions. If venue is proper in Galveston, it is also proper in Houston."). Accordingly, I now turn to the private and public interest factors to determine whether Houston is a clearly more convenient forum.

### A. PRIVATE INTEREST FACTORS

#### 1. Relative Ease of Access to Sources of Proof

The first private interest factor concerns the relative ease of access to sources of proof. This factor is specifically concerned with access to necessary documents and records. *See Hillestad*, 2018 WL 4938708, at *2 (collecting cases). In discussing this factor, Defendants argue that the evidence relating to the accident is all in Houston, including the Houston Police Department's investigation records and the medical records related to Fausto's treatment. In response, Fausto argues that the physical location of the relevant documents is almost immaterial because all the documents are likely available in an easily-transportable, digital format. Fausto also argues that this factor should carry minimal weight because this is a personal injury case and the need for documentary evidence is relatively minimal in such cases. I find Fausto's first argument unpersuasive. As explained by the Fifth Circuit, when assessing the parties' access to sources of proof,

the "*relative* ease of access, not *absolute* ease of access" is the relevant inquiry. *In re Radmax, Ltd.,* 720 F.3d at 288. Because Houston is the location of Fausto's accident, the location of the accident investigation, and the location where he received medical treatment, I find that this factor favors transfer. *See Perry*, 2013 WL 3338580, at *2 (finding that the first private factor favored transfer because the accident and all of plaintiff's medical treatment occurred in the transferee location). However, the weight of this factor is diminished because, as argued by Fausto, documentary evidence is rarely a significant factor in personal injury suits. *SeeBennett v. Moran Towing Corp.,* 181 F. Supp. 3d 393, 399 n.3 (S.D. Tex. 2016) ("Although the Court has considered the parties' relative ease of access to documentary evidence [in] this case, such access is rarely a significant factor in a personal injury case because such actions are 'unlikely to require extensive paper discovery or additional difficulties in accessing sources of proof.'") (collecting cases).

Accordingly, the first private interest factor narrowly favors transfer, but the weight of this factor is diminished given the nature of Fausto's claims.

### 2. Compulsory Process to Secure the Attendance of Unwilling Witnesses

The second private interest factor examines the availability of compulsory process over witnesses. Defendants have not identified any witnesses for whom compulsory process will be needed. Consequently, I find this factor neutral. *See e.g., Meikle v. Moore*, No. 219CV00288JRGRSP, 2019 WL 5190684, at *2 (E.D. Tex. Oct. 15, 2019 ("Defendant has not identified any witnesses for whom compulsory process would not be available in

Marshall Division, making the 'availability of compulsory process' factor neutral at best for Defendant."); *Hillestad*, 2018 WL 4938708, at *3 (same) (collecting cases).

### 3. Cost of Attendance for Willing Witnesses

The third private interest factor, which is "probably the single most important factor in the transfer analysis," considers the cost of attendance for willing witnesses. *Sandbox Logistics LLC v. Grit Energy Sols. LLC*, No. 3:16-CV-12, 2016 WL 4400312, at *5 (S.D. Tex. Aug. 17, 2016) (quotation marks and citation omitted). "The inconvenience to witnesses increases with the additional distance to be traveled, including additional travel time, meal, lodging expenses, and time away from their regular employment. The Court must also consider the personal costs associated with being away from work, family, and community." *Id.* (citation omitted). "[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994) (collecting cases). "Particularly, it is the location of key, non-party witnesses that dominates." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 410 (S.D. Tex. 2016) (internal quotation marks and citations omitted). Importantly, "the Court's focus is where a non-party witness resides not where he works." *Hillestad*, 2018 WL 4938708, at *4 (collecting cases). The convenience of one key witness may outweigh the convenience of numerous less important witnesses. *See, e.g., Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401–02 (N.D. Tex. 1984). "To designate a potential witness as 'key' under the inquiry, 'the movant must specifically identify the key witnesses and outline the substance of their testimony.'" *Equal Emp't Opportunity*

6

*Comm'n v. Faurecia Auto. Seating, LLC*, No. 4:16-CV-199-DMB-JMV, 2017 WL 4158624, at *5 (N.D. Miss. Sept. 19, 2017) (brackets omitted) (quoting *Watson*, 181 F. Supp. 3d at 410). "Nevertheless, 'although quite important, the convenience of witnesses does not stand alone and must be weighed against the other relevant factors that typically are considered.'" *Sandbox Logistics*, 2016 WL 4400312, at *5 (quoting 15 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851).

Defendants first argue that trial in Houston will be more convenient for certain non-party witnesses described as Fausto's "disclosed treating providers" who work in Houston and Spring. Dkt. 16 at 8. Defendants do not offer any specific details about the anticipated substance of their testimony, nor do Defendants identify where such witnesses reside. As I explained in *Hillestad*, "the mere location of the non-parties' workplace, without more, is simply insufficient to demonstrate that a transfer from the Galveston Division to the Houston Division would be more convenient to the non-parties." 2018 WL 4938708, at *4. Because Defendants do not identify any other potential non-party witnesses, the hypothetical convenience of the "disclosed treating providers" does not tip this factor in Defendants' favor. But this does not end my inquiry.

Defendants next argue that transfer is warranted for the convenience of the parties. Defendants specifically contend that they will incur increased hotel costs and rental car expenses in Galveston and, if the trial proceeds in Galveston, they will have to overcome various logistical problems to conference with their counsel during the week of trial. *See* Dkt. 16 at 8–9. I find that these modest inconveniences weigh in favor of a transfer. However, because Defendants failed to sufficiently allege the inconvenience of a key non-

party witness, this factor "is entitled to very little weight." *Hillestad*, 2018 WL 4938708, at *6.

### 4. Other Practical Problems

The fourth private interest factor is all other practical problems that make going to trial easy, expeditious, and inexpensive. "Practical problems include those that are rationally based on judicial economy." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 6:09-CV-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010). The Fifth Circuit has clarified that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289.

Defendants argue this factor tips in their favor for two reasons: (1) they would incur less attorney's fees if their counsel did not have to travel from Houston to Galveston and (2) "the parties will not suffer prejudice or delay by a transfer" because "trial is not scheduled until June 2020, no substantive motions have been heard, and no significant discovery has taken place." Dkt 16 at 9. Fausto disagrees, contending that this factor "weighs heavily in favor of retention" because Defendants waited six months after he served them with this lawsuit to file their Motion to Transfer Venue. Dkt. 17 at 11. Fausto argues that he "played no role in Defendants' delay in both failing to timely answer the complaint and their continued delay in pursuing a venue transfer" and he "should not be forced to suffer adverse consequences for Defendants' delay." *Id.*

I find Defendants' first argument unconvincing. To the extent that Defendants seek to rely on the purported cost of their legal expenses, they have offered nothing more than a

8

general, amorphous statement that travel to Galveston will increase expenses. Without more details, this is simply insufficient to tip this factor in Defendants' favor.

Defendants' second argument, which Fausto contests, is worthy of a brief discussion. Fausto filed this lawsuit over a year ago on October 10, 2018. *See* Dkt. 1. Two days later the Clerk of the Court issued a summons to Defendants. On January 9, 2019, Fausto filed certificates of service, indicating that the Texas Secretary of State served Defendants in accordance with Texas law back on October 16, 2018. *See* Dkts. 4–5. *See also Comm'n of Contracts of Gen. Exec. Comm. of Petroleum Workers Union of Republic of Mexico v. Arriba Ltd.*, 882 S.W.2d 576, 585 (Tex. App.—Houston [1st] 1994, no writ) ("A certificate from the Secretary of State is conclusive proof of service that the Secretary of State received and forwarded the process as required by the long-arm statute."). Although Defendants were served on October 16, 2018, they did not immediately file an answer. Indeed, on January 24, 2019, over 100 days after Defendants were served, Fausto moved for default judgment because Defendants still had not filed an answer. *See* Dkt. 6. Five days later, on January 29, 2019, Defendants finally filed their Original Answer. *See* Dkt. 7.

In the Original Answer, Defendants did not challenge Fausto's choice of venue. Instead, they asserted: "Defendants do not have sufficient facts to respond the allegations regarding proper venue; whether a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; or whether this district is a convenient forum and would not work a substantial injustice on Defendants." *Id.* at 1.

Approximately 83 days after Defendants filed the Original Answer, the parties filed their Joint Discovery/Case Management Plan. *See* Dkt. 11. Neither party indicated that venue in this case was in dispute. In fact, in response to the prompt asking the parties to "[i]indicate other matters peculiar to this case . . . that deserve the special attention of the court at the [forthcoming initial scheduling] conference," the parties wrote "**None**." *Id.* at 7. Nonetheless, at the Initial Scheduling Conference held the next day—immediately after I provided the parties with the docket control order dates—I asked, "any issues we need to raise, discuss?" Defendants counsel immediately responded: "I have kind of a wild card. I *was reading Plaintiff's petition last night* and I don't see, and I've never had this before, but I don't see sort of a relationship to the Galveston Division . . . ." (emphasis added). Defendants' counsel went on to explain his belief that Houston would be a more convenient venue. Once permitted to respond, Fausto's counsel indicated that he only learned of Defendants' desire to challenge venue that morning. To be clear, this means Defendants raised their issue with venue for the first time exactly 183 days after being served with this lawsuit.

I recount these facts to highlight Defendants' unreasonable delay in coming forward with its venue challenge. The delay is unreasonable because Defendants' counsel who appeared at the Initial Scheduling Conference is the same counsel who signed the Original Answer. This means that the same person who opined on January 29th that the Original Complaint did not provide enough information to determine if a challenge to venue was appropriate, somehow looked at the exact same Original Complaint on April 22nd and

reached the total opposite conclusion. This incongruity, in conjunction with the 183-day delay between service and raising the venue issue, strongly militates in Fausto's favor.

Moreover, I am very mindful that this case has already been pending in this Court for over a year, and I have already entered a Docket Control Order. If I transfer this case to Houston at this point, it will require a new scheduling order and, in all probability, an even more distant trial setting. In other words, a transfer is "likely to cause significant delay," which in light of Defendants' actions as described above, I deem to be not of the garden-variety. *Hillestad*, 2018 WL 4938708, at *7 (quoting *Hibbard v. Target Corp.*, No. 3:12-CV-344, 2013 WL 4677831, at *1 (S.D. Tex. Aug. 30, 2013)).

For all these reasons, I find that this factor weighs heavily in favor of retention.

I now turn to the public interest factors.

### B. PUBLIC INTEREST FACTORS

#### 1. Administrative Difficulties Flowing from Court Congestion

The focus of the first public-interest factor is "'not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.'" *Rosemond v. United Airlines, Inc.*, No. H–13–2190, 2014 WL 1338690, at *4 (S.D. Tex. Apr. 2, 2014) (quoting *Siragusa v. Arnold*, No. 3:12–CV–04497–M, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013)). As I discussed in *Hillestad*, "the Galveston Division is fully staffed and firing on all cylinders." 2018 WL 4938708, at *7. In fact, when *Hillestad* was decided, U.S. District Judge George C. Hanks, Jr. was still seated in Galveston. Since then, U.S. District Judge Jeffrey V. Brown has taken over the Galveston Division. Judge Brown, unlike Judge Hanks, has decided to

utilize three—as opposed to two—fulltime law clerks.  As a result, in all probability, cases in this division will move even more rapidly than before.  In addition, the Galveston Division has far fewer civil and criminal cases than the Houston Division.  Accordingly, I find that this factor also weighs heavily in favor of retention.

### 2.  Local Interest in Having Localized Interest Decided at Home

The second public interest factor evaluates the local interest in the dispute.  This factor "weighs only slightly in favor of transfer—Defendant[s] only indicate[] that the accident occurred in [Houston], but Defendant[s] do[] not offer any further facts to show why [Houston] would have a strong localized interest in this case."  *Meikle*, 2019 WL 5190684, at *1.

### 3.  Remaining Factors

The factor of "familiarity of the forum with the law that will govern the case" is neutral as both divisions are well suited to handle this case.  Similarly, the factor of "the avoidance of unnecessary problems of conflict of laws" is neutral as Defendants have not identified any conflict of law issues for either division.

## CONCLUSION AND RECOMMENDATION

After weighing the factors, I conclude that the two factors favoring retention in the Galveston Division (Private Interest Factor 4: all other practical problems that make going to trial easy, expeditious, and inexpensive; and Public Interest Factor 1: administrative difficulties flowing from court congestion) clearly outweigh those favoring transfer to the Houston Division (Private Interest Factors 1 and 3: relative ease of access to sources of proof and cost of attendance for willing witnesses; and Public Interest Factor 2: the local

interest in having localized interests decided at home). Consequently, Defendants have failed to meet their burden of establishing that Houston is "clearly more convenient." *In re Volkswagen II*, 545 F.3d at 315. For this reason, I **RECOMMEND** that Defendants' Motion to Transfer Venue (Dkt. 16) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 31st day of October, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE